UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-284 MJD/ECW |
| Plaintiff, | |
| v. | **ORDER** |
| Randy David Arnold, | |
| Defendant. | |

This case is before the Court on the United States of America's Motion for Discovery (Dkt. No. 9); and Defendant's Motion for Discovery (Dkt. No. 19), Defendant's Motion for Disclosure of Exculpatory Evidence (Dkt. No. 20), Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (Dkt. No. 21), Defendant's Motion for Early Disclosure of Jencks Act Material (Dkt. No. 22), Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendants or Unindicted Co-Conspirators (Dkt. No. 23), Motion for Disclosure of 404 Evidence (Dkt. No. 24), Defendant's Motion to Disclose and Make Informant Available for Interview and to Disclose Promises of Favorable Treatment (Dkt. No. 25), Defendant's Motion for Government Agents to Retain Rough Notes (Dkt. No. 26), Defendant's Motion for Government [to Produce] Grand Jury Transcripts (Dkt. No. 27), Defendant's Motion for Participation by Counsel in Voir Dire (Dkt. No. 28), Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance (Dkt. No. 29), Defendant's Motion to Suppress Evidence Derived from Electronic Surveillance (Dkt. No. 30), Defendant's Motion to

Suppress Statements, Admissions, and Answers (Dkt. No. 31), Defendant's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 (Dkt. No. 32), and Defendant's Motion to Suppress Evidence Obtained as a Result of Search (Dkt. No. 33).

Thomas M. Hollenhorst, Assistant U.S. Attorney, appeared on behalf of the United States of America and Glenn P. Bruder appeared on behalf of Defendant Randy David Arnold, who was present at the hearing.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. United States of America's Motion for Discovery (Dkt. No. 9) is **GRANTED**.

2. Defendant's Motion for Discovery (Dkt. No. 19) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motion.

3. Defendant's Motion for Disclosure of Exculpatory Evidence (Dkt. No. 20) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (Dkt. No. 21) is **GRANTED**. The Government shall produce to Defendant the information required by Fed. R. Civ. P. 16(a)(1)(G), including the identity of the expert, their proposed testimony, and their written report(s), no later than three (3) weeks before the commencement of trial.

5. Defendant's Motion for Early Disclosure of Jencks Act Material (Dkt. No. 22) is **DENIED**. Defendant requests disclosure of Jencks Act material at least two weeks

before trial.  The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500.  The Eighth Circuit has repeatedly held that the government cannot not be required to make pretrial disclosure of Jencks material.  *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material a week before commencement of trial as it represented it would at the hearing.

6. Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendants or Unindicted Co-Conspirators (Dkt. No. 23) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

7. Defendant's Motion for Disclosure of 404 Evidence (Dkt. No. 24) is **GRANTED**.  The Government shall provide notice of any Rule 404(b) evidence it intends to use at trial no later than three (3) weeks before commencement of trial.

8. Defendant's Motion to Disclose and Make Informant Available for Interview and to Disclose Promises of Favorable Treatment (Dkt. No. 25) is **GRANTED**.  The Government shall disclose the identity of any informant and promises of favorable treatment no later than one week before commencement of trial based on the representations of the Government to the Court.

9. Defendant's Motion for Government Agents to Retain Rough Notes (Dkt. No. 26) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

10. Defendant's Motion for Government [to Produce] Grand Jury Transcripts (Dkt. No. 27) is **GRANTED IN PART AND DENIED IN PART**. The Government will produce any grand jury transcripts for any witness it intends to call at trial. The Government has represented that it will voluntarily produce any such transcripts within one week before commandment of trial with its voluntary production of Jencks Act material.

11. Defendant's Motion for Participation by Counsel in Voir Dire (Dkt. No. 28) is **DENIED WITHOUT PREJUDICE**. Defendant may reassert this Motion before the trial court.

12. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance (Dkt. No. 29) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

13. Defendant's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 (Dkt. No. 32) is **GRANTED**. The government will fully comply with the notice requirements of Rule 807(b) of the Federal Rules of Evidence and will disclose any anticipated Rule 807 evidence within three weeks of trial.

14. Based on the representations of the parties at the hearing on the pretrial motions, Defendant's Motion to Suppress Evidence Derived from Electronic Surveillance (Dkt. No. 30) and Defendant's Motion to Suppress Statements, Admissions, and Answers

(Dkt. No. 31) are moot.  With respect to Defendant's Motion to Suppress Evidence Obtained as a Result of Search (Dkt. No. 33), the parties requested supplemental briefing.  Defendant's supplemental brief will be due on or before January 28, 2019.  The Government's supplemental brief in opposition to Defendant's motions will be due one week after that.  These motions (Dkt. Nos. 30, 31, and 33) will be addressed in a separate Report and Recommendation to issue.

DATED: January 11, 2019	*s/Elizabeth Cowan Wright*
	ELIZABETH COWAN WRIGHT
	United States Magistrate Judge