UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                      **MEMORANDUM OPINION AND ORDER**
                                        Crim. No. 18-284 (01) (MJD)

Randy David Arnold,

    Defendant.

_____

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *Pro Se*.

_____

This matter is before the Court on Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 78]

**I.    Background**

Defendant pleaded guilty to Count 2 of the Indictment which charged possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.  On June 11, 2019, Defendant was sentenced to term of imprisonment of 60 months, followed

1

by a five year term of supervised release. He is currently serving his sentence at Duluth FPC, and his release date is August 7, 2023.

## II.   Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded

for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant submitted a request for compassionate release based on his concerns about the COVID-19 pandemic, which was denied by the Warden.

---

by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

(Doc. No. 82-2.) The government agrees that Defendant has adequately exhausted his administrative remedies.

Defendant's motion is based on his concerns that if he is exposed to COVID-19, his health conditions, which include obesity, chest pain and headaches, increase his risk of serious health complications if he becomes infected with COVID-19. Defendant further asserts that he has a release plan in place, residing with his mother and other family members.

Based on the record before it, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief. While Defendant is subject to an increased risk of serious health complications if he becomes infected with COVID-19 due to his obesity, his medical records indicate that Defendant is receiving appropriate medical attention.

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them. See www.bop.gov/coronavirus/index.jsp. At this time, the facility at which Defendant is housed, Duluth FPC reports there is one active case involving a

prisoner, one involving staff, no deaths, 192 prisoners have recovered and 19 staff have recovered.  Id.

The Court further finds that a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant was convicted of possession with intent to distribute more than 500 grams of methamphetamine, and he possessed several firearms in connection with drug activity, which put the community at risk.  In addition, Defendant continued to sell methamphetamine even after law enforcement executed a search warrant on his home and seized 900 grams of a methamphetamine mixture and three firearms.  Defendant thus continues to pose a danger to the community.  See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

Further, a sentence reduction in this case would not reflect the seriousness of the offense of conviction, promote respect for the law or provide a just punishment.  Defendant has served less than one-half of his sentence, therefore a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 78] is **DENIED**.

Date: February 3, 2021

                                                s/ Michael J. Davis
                                                Michael J. Davis
                                                United States District Court